# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SONYA PURCELL,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1305** (BOR Appeal No. 2048803)
(Claim No. 940064231)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BRAXTON COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sonya Purcell, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 30, 2013, in which the Board affirmed an August 22, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges held that Ms. Purcell's protest of the claims administrator's August 14, 2012, decision would not be accepted because it was filed out of time. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Purcell worked as a janitor for the Braxton County Board of Education. On February 14, 1994, she injured her neck, arms, and back while moving a table. The claims administrator held her claim compensable, and she received medical treatment based on this claim, including an anterior cervical discectomy and fusion of the C5-6 disc. On August 14, 2012, the claims administrator denied authorization for an anterior cervical discectomy and fusion of the C6-7 disc based on an evaluation by David G. Changeris, M.D., who found that it was unclear if the surgery would reduce Ms. Purcell's symptoms. Following this denial, on September 27, 2012, Ms. Purcell submitted a letter to the Office of Judges. The Office of Judges responded to Ms. Purcell's letter on October 22, 2012, informing her that the letter she submitted did not include or reference a claims administrator decision. The Office of Judges stated that it was uncertain of her intentions in sending the September 27, 2012, letter. The Office of Judges requested that Ms. Purcell contact it if she wished to address any issues of her claim. On January 24, 2013, the Office of Judges received a second letter from Ms. Purcell, which again did not include a copy of or reference a claims administrator decision. The Office of Judges finally received a copy of the claims administrator's August 14, 2012, decision on April 10, 2013. However, on August 22, 2013, the Office of Judges held that Ms. Purcell's protest of the claims administrator's decision could not be acknowledged because the Office of Judges no longer had jurisdiction to consider it. The Board of Review affirmed the Order of the Office of Judges on September 30, 2013, leading Ms. Purcell to appeal.

The Office of Judges concluded that it no longer had jurisdiction to consider Ms. Purcell's protest of the claims administrator's August 14, 2012, decision because her protest was filed outside the 120 day time period allowed under West Virginia Code §§ 23-5-1(b) (2009) and 23-5-6 (2003). The Office of Judges found that Ms. Purcell's submission of the claims administrator's decision on April 10, 2013, occurred more than 120 days after the claims administrator's decision. The Board of Review made specific findings of fact and affirmed the Order of the Office of Judges.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Purcell did not protest the claims administrator's August 14, 2012, decision within the required time period. West Virginia Code § 23-5-1(b) provides that a claims administrator's decision is final unless a protest to the Office of Judges is filed within sixty days of the date of the decision. West Virginia Code § 23-5-6 allows the Office of Judges to extend that time period for an additional sixty days if there is good cause or excusable neglect. Ms. Purcell did not file her protest within sixty days of the claims administrator's decision, and she did not make a showing of good cause or excusable neglect within 120 days of the decision. Compliance with these time limitations "is a condition of the right to litigate." West Virginia Code § 23-5-1(b). Ms. Purcell's untimely protest deprived the Office of Judges of jurisdiction to consider her request. The claims administrator's August 14, 2012, decision had already become final, and the Board of Review properly affirmed the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

2

Affirmed.

**ISSUED:  June 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II